Brad S. Daniels, OSB No. 025178
brad.daniels@stoel.com
Rachel Lee, OSB No. 102944
rachel.lee@stoel.com
Samantha K. Sondag, OSB No. 154244
samantha.sondag@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  503.224.3380
Facsimile:  503.220.2480

      Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TERRI DORAN, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>LLR Inc. dba LuLaRoe,<br><br>      Defendant. | Case No.: __17-781_____<br><br>(Multnomah County Circuit Court Case No. 17CV15823)<br><br>DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 AND 1441 |

      PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453,

Defendant LLR Inc. dba LuLaRoe ("Defendant" or "LLR") removes this action from the Circuit

Court of the State of Oregon, for the County of Multnomah, to the United States District Court

for the District of Oregon in Portland, Oregon, and states as follows:

/ / /

Page 1   -   DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§
           1332 AND 1441

# I.  BACKGROUND

## A.  Procedural History

1.  On April 17, 2017, plaintiff Terri Doran ("Plaintiff") filed a putative Class Action Complaint in the Circuit Court of the State of Oregon, for the County of Multnomah, entitled *Doran v. LLR, Inc.*, Multnomah County Circuit Court Case No. 17CV15823 (the "Complaint" or "Compl."). On April 18, 2017, Plaintiff served copies of the summons and complaint on Defendant by first class regular and certified mail.

2.  As required by 28 U.S.C. § 1446(b), Defendant files this Notice of Removal within 30 days after receipt of the Complaint, by service or otherwise.

3.  True and correct copies of all state court process and pleadings are attached hereto as Exhibit 1. *See* 28 U.S.C. § 1446(a).

4.  Venue lies in this Court because the action is pending in Multnomah County Circuit Court, which is within this District and Division. 28 U.S.C. §§ 1441(a), 1446(a); Local Rule 3-2(a)(1).

## B.  The Complaint

5.  The Complaint alleges that Defendant manufactures and sells leggings that have a "materially defective quality and design that causes them to develop holes, tears, rips, and fading before, during, and soon after their first use by a consumer," but advertises the leggings to Oregon consumers as fit for ordinary use. (Compl. ¶ 7.) The Complaint further alleges that Defendant is "highly aware that its leggings are defective, and recklessly continues to manufacture, market, and sell them to Oregon consumers" through a "multi-level marketing scheme." (*Id.* ¶¶ 5, 8.)

6.      The Complaint purports to seek relief on behalf of "all Oregon consumers who, within one year before the date of the filing of this complaint, bought at least one pair of LuLaRoe's defective leggings."  (*Id.* ¶ 10.)  The Complaint alleges three causes of action: (1) violation of Oregon's Unlawful Trade Practices Act, ORS 646.608(1)(t), (2) breach of warranty, and (3) unjust enrichment.  (*Id.* ¶¶ 17-19.)

7.      In the First Claim for Relief for violation of ORS 646.608(1)(t), Plaintiff "seeks an injunction under ORS 646.636 to stop LuLaRoe's ongoing unlawful trade practices."  (*Id.* ¶ 17.)  Plaintiff alleges that she and the class are also "entitled to equitable relief in the form of an accounting, restitution, and unless agreed upon by LuLaRoe, an order to preserve sales records and customer data that relate to this claim under ORS 646.638."  (*Id.*)  She further alleges a right to recover litigation expenses.  (*Id.*)  Plaintiff also claims that Defendant can avoid paying any damages by undertaking a number of actions, including "giving refunds to Oregon consumers."  (*Id.*)

8.      In the Prayer for Relief, the Complaint seeks the following forms of relief:

a.      An injunction "pulling LuLaRoe's defective leggings off the market across the entire State of Oregon";

b.      An order "directing LuLaRoe to preserve all sales records and other customer data pertaining to this case, certifying this matter as a class action under ORCP 32, requiring an accounting and reimbursement of litigation expenses"; and

c.      "Other relief the court deems necessary."  (*Id.* ¶ 20.)

9.      Because the Complaint alleges that Defendant manufactures only one kind of leggings—defective ones—the request to enjoin Defendant from selling "defective" leggings is in fact a request to enjoin Defendant from selling *any* leggings in Oregon.

Page 3   -   DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

10.     Each claim for relief also provides for the possibility of further relief "[i]f LuLaRoe refuses to do the right thing." (*Id.* ¶¶ 17-19.)  The First Claim for Relief alleges Plaintiff "will have no choice but to amend her complaint to add claims for actual and statutory and punitive damages" (*id.* ¶ 17); the Second Claim for Relief alleges that Plaintiff and the Oregon class will be "entitled to compensation based on LuLaRoe's breach of warranty as alleged in this complaint" (*id.* ¶ 18); and the Third Claim for Relief alleges that Plaintiff and the Oregon class will be "entitled to restitution based on LuLaRoe's unjust enrichment as alleged in this complaint" (*id.* ¶ 19).

11.     By pleading in the manner described in paragraph 10 above, Plaintiff seeks to comply with ORCP 32 H, which provides that in any class action "[t]hirty days or more prior to the commencement of an action for damages . . . the potential plaintiffs' class representative shall . . . [n]otify the potential defendant of the particular alleged cause of action; and . . . [d]emand that such person correct or rectify the alleged wrong."  If the potential class representative brings an action that initially pleads only for equitable relief, then he or she may amend the complaint without leave of court to add a prayer for damages after the 30 days have elapsed.  *See* ORCP 32 J.

12.     The alleged amount of actual and statutory damages at issue in this action will be confirmed if and when Plaintiff amends as intended, but for the reasons discussed in Section II *infra*, the action is presently removable based on the relief requested in the Complaint.

**C.     Related Actions**

13.     Defendant is facing several class actions throughout the country based on claims similar to those alleged here.

14.     In Ohio, a plaintiff suing on behalf of a putative nationwide class has alleged that LLR's leggings are defective and has asserted claims for breach of express and implied warranty, unjust enrichment, and fraud.  *See Goodwin v. LLR, Inc.,* No. CV 17 877960 (Cuyahoga Cty. Ct. of Common Pleas Mar. 27, 2017), *removed*, No. 17-cv-00931-PAG (N.D. Ohio May 2, 2017) (the "Ohio Action").  (Declaration of Brad S. Daniels in Support of Defendant's Notice of Removal ("Daniels Decl.") ¶ 2, Ex. 1, filed herewith.)

15.     In the federal District Court for the Central District of California, LLR is also defending claims brought on behalf of a putative nationwide class and a California consumer subclass arising from allegedly defective leggings.  *See Mack v. LLR, Inc.,* No. 17-cv-00853 (C.D. Cal. May 2, 2017) (the "California Central District Action").  (Daniels Decl. ¶ 3, Ex. 2.) The California Central District Action alleges breach of express and implied warranties, fraud, unjust enrichment, and violations California's Consumer Legal Remedies Act, Cal Civ. Code § 1750, *et seq.* ("CLRA"), Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"), and False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.* ("FAL").  Counsel for Plaintiff is listed as one of the attorneys for the plaintiff in the California Central District Action.

16.     A putative nationwide class action has also been filed in the District Court for the Northern District of California.  *See Dean v. LuLaRoe LLC,* No. 17-cv-01579 (N.D. Cal. Mar. 23, 2017) (the "California Northern District Action").  (Daniels Decl. ¶ 4, Ex. 3.)  Like the Ohio Action and California Central District Action, and the case now before this Court, the California Northern District Action claims that LLR leggings are defective and alleges violations of California's UCL, FAL, and CLRA; unjust enrichment; and breach of implied and express warranties.

Page 5   -   DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

## II.  JURISDICTION AND BASES FOR REMOVAL

17.     This action is removable under 28 U.S.C. § 1441.

18.     As explained in detail below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1332(d).  All procedural requirements for removal have been met.

### A.     Jurisdiction Under 28 U.S.C. § 1332(a)

19.     LLR denies Plaintiff's claims for relief and the legal theories upon which they are purportedly based.  Nevertheless, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

20.     Diversity of citizenship exists because Plaintiff and the members of the putative class have diverse citizenship from that of Defendant.  28 U.S.C. § 1332(c)(1).

21.     LLR is a Wyoming corporation with its principal place of business in Wyoming. (Compl. ¶ 5.)

22.     The Complaint alleges that Plaintiff is a resident of Oregon.  (Compl. ¶ 4.) Plaintiff therefore is a citizen of Oregon.

23.     The relief requested in the Complaint meets the required jurisdictional amount of $75,000.  28 U.S.C. § 1332(a).

24.     For purposes of assessing the jurisdictional amount, what matters is the amount put in controversy by Plaintiff's Complaint, not what amount Defendant will actually owe (if anything).  "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."  *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).  The amount in controversy may include, where applicable, "the cost of

complying with an injunction." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016); *see also Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) (when equitable relief is sought, "it is well established that the amount in controversy is measured by the value of the object of the litigation").

25.     Plaintiff's requested injunction would cost Defendant more than $75,000.  If a court were to order LLR to remove its leggings from the market in Oregon and not allow any independent retailers to sell its leggings in Oregon, LLR would have to undertake a number of actions to do what it had the capability of doing in an attempt to comply.  (Declaration of Jamie Ellis in Support of Defendant's Notice of Removal ("Ellis Decl.") ¶ 8.)  If ordered to "pull" leggings off the Oregon market, LLR would have to attempt to locate and communicate with all its independent retailers in Oregon who purchased leggings from LLR.  (*Id.*)  LLR would also have to attempt to locate and obtain all the leggings presently held by those independent retailers.  (*Id.*)  As independent retailers take title to clothing upon purchase from LLR, LLR has no legal authority to do so.  (*Id.*)  Thus, pulling the leggings off the Oregon market may involve repurchasing leggings to which LLR no longer holds title and at substantial cost.  (*Id.*)  Then LLR would have to attempt to evaluate, repair, and if necessary, destroy any defective leggings. The cost to LLR of attempting to locate and communicate with independent retailers; locating and repurchasing or otherwise obtaining the leggings; and evaluating, repairing and, if necessary, destroying the leggings would be far more than $75,000.  (*Id.*)

26.     In addition, because LLR would not be able to sell leggings during the time that it took to accomplish those tasks and remedy whatever alleged defects existed, it would incur a significant loss of sales during that time.  (*Id.* ¶ 9.)  Based on the sales data above, if LLR were

unable to sell leggings in Oregon, LLR would lose more than $1 million on average a month (based on the last six months of sales figures) and $10 million per year in sales revenue.  (*Id.*)

27.     From May 2016 through October 2016, Defendant's sales to independent retailers in Oregon averaged more than $616,000 per month.  (*Id.* ¶ 5.)  More recently, from November 2016 through April 2017, Defendant's sales to independent retailers in Oregon averaged more than $1.07 million per month.  (*Id.*)  In total, during the 12-month period from May 1, 2016, though April 30, 2017, Defendant's sales of leggings to independent retailers in Oregon exceeded $10 million.  (*Id.* ¶ 7.)  Additionally, the operational costs of ceasing to sell leggings to independent retailers in Oregon would exceed $75,000.  (*Id.* ¶ 8.)  LLR's anticipated losses from the requested injunction alone satisfy the jurisdictional amount.

28.     The Complaint's request for reasonable attorney fees, as authorized by ORS 646.638(3), also exceeds the jurisdictional minimum.  To date, the Ninth Circuit has not resolved whether unaccrued attorney fees may be considered as part of the amount in controversy for purposes of removal.  *Gonzales*, 840 F.3d at 649 n.8 ("It remains an open question whether attorney's fees that are anticipated but unaccrued at the time of removal or filing in federal court, such as those at issue in this case, may be included in the amount-in-controversy.  Other circuits and the district courts in this circuit are divided on the issue.").

29.     To the extent that unaccrued fees are considered as part of the amount in controversy, the attorney fees alone will exceed $75,000.  According to the 2012 Oregon State Bar Economic Survey, the median billing rate for litigation attorneys in Portland in 2012 was $275.  (*See* Daniels Decl. ¶ 6, Ex. 4.)  It is reasonable to assume that rates have increased in the preceding five years to at least $300.  (*Id.* ¶ 6.)  Using that rate, and a lodestar methodology, Plaintiff's attorneys would only need to incur 250 hours total in order for their attorney fees to

exceed $75,000.  Litigating this case up to class certification will exceed that figure.  (*Id*. ¶ 6.)

Plaintiff's counsel has already expended a number of hours investigating, preparing, and filing

the Complaint.  Plaintiff alleges three claims based on allegedly defective products, and the case

will involve motion practice, discovery, and potentially third party discovery, as LLR intends to

defend the case vigorously.

30.    Plaintiff also contends that she will amend her Complaint to seek punitive

damages.  (Compl. ¶ 17.)  Under ORS 31.725(2), the initial complaint in an action may not

contain a request for an award of punitive damages, but the plaintiff may move for leave to assert

a claim for punitive damages at any time thereafter.  Potential punitive damages are part of the

amount in controversy, even when the plaintiff has not specifically requested those damages in a

prayer for relief.  *See Culpepper v. Wells Fargo Bank, N.A*., No. 6:12-cv-969-TC, 2012 WL

3779038, at *2 (D. Or. Aug. 8, 2012) (federal court may consider "the potential for punitive

damages" when determining the amount in controversy).  Pursuant to ORS 646.638(1), punitive

damages are permitted in UTPA cases.  Even (indeed especially) when consumer protection

cases involve small compensatory damages claims, punitive damages may significantly exceed

the 4:1 ratio generally allowable.  *See, e.g., Parrott v. Carr Chevrolet, Inc.*, 331 Or. 537, 565, 17

P.3d 473 (2001) (affirming $1 million punitive damages award in UTPA case involving

compensatory of $11,496); *Lithia Medford LM, Inc. v. Yovan*, 254 Or. App. 307, 328,

295 P.3d 642 (2012) (affirming $100,000 punitive damages award in UTPA case involving $500

in compensatory damages and citing similar consumer protection cases).

31.    Taken together the costs associated with Plaintiff's requests for equitable relief,

attorney fees, and punitive damages meet the required jurisdictional amount of $75,000.

Page 9   -   DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§
               1332 AND 1441

**B.     Jurisdiction Under 28 U.S.C. § 1332(d)**

32.     This Court also has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), which provides in pertinent part that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant[.]"  28 U.S.C. § 1332(d)(2).

33.     The requisite minimal diversity of citizenship exists because the putative class exceeds 100 class members (*see* Compl. ¶ 12 ("[t]he size of the Oregon class is in the thousands")), and at least one member of that putative class has diverse citizenship from Defendant for the reasons set forth in paragraphs 21 and 22 above.  28 U.S.C. § 1332(d)(2).

34.     Again, LLR denies Plaintiff's claims for relief and the legal theories upon which they are purportedly based.  Nevertheless, the amount in controversy exceeds $5 million.  28 U.S.C. § 1332(d)(2), (6).  First, as previously explained, the requested injunction requiring Defendant to "pull" its leggings off the market across the "entire State of Oregon" and prohibiting Defendant from allowing its leggings to be sold in Oregon would cost Defendant more than $1 million on average per month (based on the last six months of sales figures) and $10 million per year in sales revenue.  (*See* Ellis Decl. ¶¶ 5, 7, 9.)

35.     Additionally, the Complaint seeks "refunds" for all Oregon consumers, which as alleged means all Oregon consumers who made purchases within the year preceding the filing of the Complaint, as the putative class is defined.  (Compl. ¶¶ 10, 17.)  The putative class, according to the Complaint, is in the "thousands."  (*Id.* ¶ 12.)  Between May 1, 2016 and April 30, 2017, sales of Defendants' leggings to independent retailers in Oregon have exceeded $10

million.  (*See* Ellis Decl. ¶ 7.)  The total amount of refunds for the proposed class period would exceed $10 million.  (*See id.* ¶¶ 7, 10.)

36.     Finally, alleged punitive damages and attorney fees would exceed $5 million. ORS 646.638(1), (3), (8).  The maximum allowable punitive damages is generally four times the compensatory damages sought on behalf of a class.  *See Planned Parenthood of Columbia/Willamette Inc. v. Am. Coal. of Life Activities*, 422 F.3d 949, 962 (9th Cir. 2005). Here, Plaintiff will likely seek that maximum amount, or at least twice the amount of compensatory damages.  In addition, based on fee awards in similar cases, it is reasonable to anticipate that the Plaintiff's attorney fees incurred to litigate through trial will exceed $225,000 based on a lodestar methodology and likely will be much higher if calculated as part of a common fund.  *See Strawn v. Farmers Ins. Co. of Or.*, 353 Or. 210, 222, 297 P.3d 439 (2013) (discussing common fund award of fees in UTPA action); (Daniels Decl. ¶¶ 5, 6.)

### III.  COMPLIANCE WITH OTHER REQUIREMENTS FOR REMOVAL

37.     Defendant has not yet answered or otherwise responded to the Complaint, nor has its time to respond expired.

38.     Defendant has good and sufficient defenses in this action and does not waive any defenses, jurisdictional or otherwise, by filing this Notice.

39.     Pursuant to 28 U.S.C. § 1446(d), upon filing of this Notice of Removal, Defendant promptly will serve written notice thereof to Plaintiff and will file a copy of the Notice of Removal with the Clerk of the Circuit Court of the State of Oregon for the County of Multnomah.

Page 11  -  DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

WHEREFORE, Defendant respectfully requests that this action be removed from the Circuit Court of the State of Oregon, for the County of Multnomah, to the Portland Division of the United States District Court for the District of Oregon.

DATED:  May 18, 2017.

STOEL RIVES LLP


*/s/ Brad S. Daniels*
Brad S. Daniels, OSB No. 025178
brad.daniels@stoel.com
Rachel Lee, OSB No. 102944
rachel.lee@stoel.com
Samantha K. Sondag, OSB No. 154244
samantha.sondag@stoel.com
Telephone:  503.224.3380

Attorneys for Defendant

Skip to Main Content  Logout  My Account  Search Menu  Search Civil, Family, Probate and Tax Court Case Records  Refine Search  Back  Location : Multnomah  Images  Help

# REGISTER OF ACTIONS

## CASE NO. 17CV15823

| | | | |
|---|---|---|---|
| **Terri Doran vs LLR Inc.** | § | Case Type: | **Tort - General** |
| | § | Date Filed: | **04/17/2017** |
| | § | Location: | **Multnomah** |
| | § | | |
| | § | | |

---

### PARTY INFORMATION

| | | **Attorneys** |
|---|---|---|
| **Defendant** | **LLR Inc.** *Doing Business As* LuLaRoe | |
| | | |
| **Plaintiff** | **Doran, Terri** *On Behalf Of* All others similarly situated | **MICHAEL FULLER** *Retained* 503 201-4570(W) |

---

### EVENTS & ORDERS OF THE COURT

| | |
|---|---|
| | **OTHER EVENTS AND HEARINGS** |
| 04/17/2017 | **Complaint** *Unlawful Trade Practices; NOT SUBJECT TO MANDATORY ARBITRATION* Created: 04/17/2017 12:50 PM |
| 04/17/2017 | **Service** |

| | | | |
|---|---|---|---|
| | LLR Inc. | Served | 04/18/2017 |
| | | Returned | 04/20/2017 |

Created: 04/17/2017 12:50 PM

| | |
|---|---|
| 04/20/2017 | **Proof - Service** Created: 04/20/2017 3:58 PM |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **Plaintiff** Doran, Terri | | |
| | Total Financial Assessment | | 252.00 |
| | Total Payments and Credits | | 252.00 |
| | **Balance Due as of 05/16/2017** | | **0.00** |
| 04/17/2017 | Transaction Assessment | | 252.00 |
| 04/17/2017 | xWeb Accessed eFile   Receipt # 2017-342292 | Doran, Terri | (252.00) |

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR MULTNOMAH COUNTY

| | |
|---|---|
| **Terri Doran**, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **UNLAWFUL TRADE PRACTICES COMPLAINT** |
| vs. | Not Subject to Mandatory Arbitration |
| **LLR Inc.** dba **LuLaRoe**, a foreign corporation, | Filing Fee Authority: ORS 21.135 |
| Defendant. | |

1.

Terri Doran is a self-employed, single mom from Keizer, Oregon, who cares for her 86-year-old mother. Spending $25 on leggings is a big splurge for her. Terri Doran bought leggings from LuLaRoe in December 2016 and January 2017. Soon after the first time she wore LuLaRoe's leggings, Terri Doran was shocked to see fading and holes developing in the rear:

 

**UNLAWFUL TRADE PRACTICES COMPLAINT** – Page 1 of 13

EXHIBIT 1
Page 2 of 19



2.

LuLaRoe's corporate policy prohibits refunds after its leggings are worn. Undeterred, Terri Doran tried but was unable to repair LuLaRoe's defective leggings herself. Terri Doran's $25 splurge on LuLaRoe leggings turned out to be a complete rip-off. After doing some research, Terri Doran discovered that she wasn't alone. As of the date of this complaint, a Facebook group dedicated to LuLaRoe legging complaints has almost 25,000 members:



**UNLAWFUL TRADE PRACTICES COMPLAINT** – Page 2 of 13

EXHIBIT 1
Page 3 of 19

3.

Complaints to the Better Business Bureau about LuLaRoe's defective leggings

from consumers across the country continue to pour in:



4.

### THE PARTIES

Terri Doran is an individual consumer residing in Keizer, Oregon. Having no other choice to make things right, Terri Doran is standing her ground. Rather than sue for money, Terri Doran files this complaint to pull LuLaRoe's defective leggings off the market across the entire State of Oregon. To paraphrase Judge Posner, "only a lunatic or a fanatic" goes to court over a single pair of defective leggings. So Terri Doran brings her complaint as a class action on behalf of everyone else in Oregon who was ripped off by LuLaRoe's defective leggings in the past year.

5.

LLR Inc. dba LuLaRoe is a billion-dollar foreign corporation incorporated in Wyoming. LuLaRoe's principal office is located at 416 Double Eagle Ranch Road, Thayne, Wyoming, 83127, and its registered mailing address is 1375 Sampson Avenue, Corona, California, 92879. As of the date of this complaint, the standing of LuLaRoe's registered agent in Wyoming is delinquent. Terri Doran reserves her right to name LuLaRoe's principals and agents and other bad actors, including its founder Mark Stidham, as co-defendants in an amended complaint. LuLaRoe is responsible for the manufacturing, advertising, and selling of its defective leggings in Oregon through its multi-level marketing scheme.

**UNLAWFUL TRADE PRACTICES COMPLAINT** – Page 4 of 13

EXHIBIT 1
Page 5 of 19

6.

## JURISDICTION AND VENUE

This Court has jurisdiction to resolve this legal dispute arising under Oregon law. In the regular course of LuLaRoe's business, LuLaRoe manufactured, marketed, advertised, and sold thousands of units of its defective leggings through its multi-level marketing scheme in Oregon last year. The bulk of sales of LuLaRoe's defective leggings in Oregon took place in Multnomah County.

7.

## FACTUAL ALLEGATIONS COMMON TO THE CLASS

LuLaRoe markets and advertises its leggings to Oregon consumers as fit for ordinary use, and additionally, as fit for athletic use. Leggings fit for ordinary use will not fade or develop holes before, during, or soon after their first use by a consumer. But LuLaRoe's leggings have a materially defective quality and design that causes them to develop holes, tears, rips, and fading before, during, and soon after their first use by a consumer. LuLaRoe expects its leggings to reach Oregon consumers through participants in LuLaRoe's multi-level marketing scheme without substantial change in the condition in which they are manufactured and sold. LuLaRoe leggings do in fact reach Oregon consumers without substantial change in the condition in which they are manufactured and sold.

8.

LuLaRoe is highly aware that its leggings are defective, and recklessly continues to manufacture, market, and sell them to Oregon consumers anyway.

**UNLAWFUL TRADE PRACTICES COMPLAINT** – Page 5 of 13

EXHIBIT 1
Page 6 of 19

LuLaRoe has received thousands of complaints about its defective leggings, leading LuLaRoe to develop canned responses. For instance, when Terri Doran complained, LuLaRoe told her that its brushing process intended to make its leggings soft actually weakened the fabric. LuLaRoe marketed and advertised its leggings to Terri Doran as fit for ordinary use. Prior to purchase, LuLaRoe provided Terri Doran no warning that its leggings may not be fit for ordinary use, and the leggings LuLaRoe sold Terri Doran had no merchantability disclaimer nor any disclaimer that its leggings were not fit for ordinary use. LuLaRoe failed to give Terri Doran any disclosure that its leggings were materially defective concurrent with the delivery of its leggings. Had Terri Doran known LuLaRoe's leggings were defective, she would never have purchased them.

9.

As a corporate policy and practice, LuLaRoe does not offer refunds or matching replacement exchanges to Oregon consumers. While LuLaRoe may occasionally offer a purchase price credit, the credit is worthless because it can only be used to purchase another pair of defective leggings.

10.

**CLASS ALLEGATIONS**

The class consists of all Oregon consumers who, within one year before the date of the filing of this complaint, bought at least one pair of LuLaRoe's defective leggings. The quantity of LuLaRoe's defective legging sales in Oregon can be determined based on LuLaRoe's sales records, and based on claims forms and

**UNLAWFUL TRADE PRACTICES COMPLAINT** – Page 6 of 13

EXHIBIT 1
Page 7 of 19

receipts from Oregon consumers. Excluded from the class are all attorneys for the class, officers and directors of LuLaRoe, including officers and directors of any entity with an ownership interest in LuLaRoe, any judge who sits on the case, and all jurors and alternate jurors who sit on the case.

### 11.

LuLaRoe charged Oregon consumers the purchase price of leggings fit for ordinary use. But Oregon consumers who purchased LuLaRoe's leggings received a defective product worth much less than leggings fit for ordinary use. Oregon consumers who purchased LuLaRoe's materially defective leggings suffered an actual ascertainable loss of the purchase price, and loss of the difference between the value of the leggings they received that were materially defective and the increased value that leggings of the same price without material defects would have had.

### 12.

The class is so numerous that joinder is impracticable. The size of the Oregon class is in the thousands, and will be determined based on sales records and other customer data from LuLaRoe, and from claims forms and receipts from Oregon consumers.

### 13.

Common questions of fact and law predominate over any questions affecting only individual class members. Common questions include whether LuLaRoe may lawfully continue to sell its materially defective leggings in Oregon, whether under these facts, Terri Doran and the class must prove reliance, if so, whether reliance

**UNLAWFUL TRADE PRACTICES COMPLAINT** – Page 7 of 13

EXHIBIT 1
Page 8 of 19

may be proved on a class-wide basis, whether Terri Doran and class members are entitled to equitable and injunctive relief, whether an injunction to prevent future harm is appropriate, and whether LuLaRoe acted willfully, recklessly, knowingly, or intentionally.

14.

Terri Doran's claim is typical of the claims of the class because each received the same defective leggings, the injuries suffered by Terri Doran and the class members differ only in the number of transactions per class member, and Terri Doran's claims for relief are based upon the same legal theories as are the claims of the class members.

15.

Terri Doran will fairly and adequately protect and represent the interests of the class because her claims are typical of the claims of the class, she is represented by nationally known and locally respected attorneys who have experience handling class action litigation and consumer protection cases who are qualified and competent, and who will vigorously prosecute this litigation, and their interests are not antagonistic or in conflict with the interests of the class.

16.

A class action is superior to other available methods for fair and efficient adjudication of this case because commons questions of law and fact predominate over other factors affecting only individual members, as far as Terri Doran knows, no class action that purports to include Oregon consumers suffering the same injury

**UNLAWFUL TRADE PRACTICES COMPLAINT** – Page 8 of 13

EXHIBIT 1
Page 9 of 19

has been commenced, individual class members have little interest in controlling the litigation, due to the high cost of individual actions, the relatively small amounts of damages suffered, and because Terri Doran and her attorneys will vigorously pursue the claims. The forum is desirable because the bulk of sales of LuLaRoe defective leggings in Oregon took place in Multnomah County. A class action will be an efficient method of adjudicating the claims of the class members who have suffered relatively small monetary damages, as a result of the same conduct by LuLaRoe. In the aggregate, class members have claims for relief that are significant in scope relative to the expense of litigation. Injunctive relief will prevent further ongoing harm to Oregon consumers, and the availability of LuLaRoe's sales records and customer data will facilitate proof of class claims, processing class claims, and distributions of any recoveries. To the extent Oregonians who purchased LuLaRoe's defective leggings cannot be located, their monies may be distributed through a cy pres process.

**UNLAWFUL TRADE PRACTICES COMPLAINT** – Page 9 of 13

EXHIBIT 1
Page 10 of 19

17.

**FIRST CLAIM FOR RELIEF – VIOLATION OF ORS 646.608**

Terri Doran incorporates the factual allegations above. LuLaRoe willfully, recklessly, knowingly, or intentionally violated ORS 646.608(1)(t) as alleged above, causing Terri Doran and the class ascertainable losses. LuLaRoe effectively ignored Terri Doran's attempts to resolve this dispute outside of court, and LuLaRoe continues to manufacture, market, and sell its materially defective leggings throughout Oregon to this very day. Terri Doran seeks an injunction under ORS 646.636 to stop LuLaRoe's ongoing unlawful trade practices. Terri Doran and the class are also entitled to equitable relief in the form of an accounting, restitution, and unless agreed upon by LuLaRoe, an order to preserve sales records and customer data that relate to this claim under ORS 646.638. Terri Doran and the class are entitled to recover litigation expenses under ORS 646.638. LuLaRoe can avoid paying any damages in this case by immediately pulling its defective leggings off the market across the entire State of Oregon, complying with ORCP 32 I, giving refunds to Oregon consumers, and covering Terri Doran's litigation expenses to date. If LuLaRoe refuses to do the right thing, Terri Doran will have no choice but to amend her complaint to add claims for actual and statutory and punitive damages.

18.

**SECOND CLAIM FOR RELIEF – BREACH OF WARRANTY**

Terri Doran incorporates the factual allegations above. Through its advertising and marketing and sales, LuLaRoe expressly and impliedly warranted to Oregon consumers that its leggings were merchantable and fit for ordinary use. LuLaRoe's leggings in fact were not fit for ordinary use, and began fading and developing holes before, during, and soon after their first use by consumers. LuLaRoe knew its leggings were defective and failed to warn consumers. If LuLaRoe refuses to do the right thing, Terri Doran and the Oregon class are entitled to compensation based on LuLaRoe's breach of warranty as alleged in this complaint.

19.

**THIRD CLAIM FOR RELIEF – UNJUST ENRICHMENT**

Terri Doran incorporates the factual allegations above. LuLaRoe has been unjustly enriched by knowingly selling defective leggings to Oregon consumers. As a matter of justice and equity, LuLaRoe should not be allowed to retain the profits it made from its defective legging sales in Oregon. If LuLaRoe refuses to do the right thing, Terri Doran and the Oregon class are entitled to restitution based on LuLaRoe's unjust enrichment as alleged in this complaint.

**UNLAWFUL TRADE PRACTICES COMPLAINT** – Page 11 of 13

EXHIBIT 1
Page 12 of 19

20.

## PRAYER FOR RELIEF

**A.** An injunction pulling LuLaRoe's defective leggings off the market across the entire State of Oregon,

**B.** An order directing LuLaRoe to preserve all sales records and other customer data pertaining to this case, certifying this matter as a class action under ORCP 32, requiring an accounting and reimbursement of litigation expenses, and

**C.** Other relief the court deems necessary.


## DEMAND FOR JURY TRIAL

Terri Doran demands trial by jury as to each issue to which she and the class are entitled to a jury trial.


April 15, 2017


/s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Terri Doran
**Rex Daines, OSB No. 952442**
Of Attorneys for Terri Doran
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570


**UNLAWFUL TRADE PRACTICES COMPLAINT** – Page 12 of 13

EXHIBIT 1
Page 13 of 19

**PROOF OF MAILING**

Under ORS 646.638(2), I declare and certify that on the date below I caused a copy of this complaint to be mailed to the Oregon Attorney General at the following address:

**Ellen Rosenblum**
**Oregon Attorney General**
**Oregon Department of Justice**
**1162 Court Street NE**
**Salem, Oregon 97301-4096**

April 15, 2017

/s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Terri Doran
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

**UNLAWFUL TRADE PRACTICES COMPLAINT** – Page 13 of 13

EXHIBIT 1
Page 14 of 19

4/20/2017 3:29:00 PM
17CV15823

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR MULTNOMAH COUNTY

| | |
|---|---|
| **Terri Doran**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**LLR Inc.** dba **LuLaRoe**,<br>a foreign corporation,<br><br>Defendant. | Case No. 17CV15823<br><br>**CERTIFICATE OF SERVICE** |

## CERTIFICATE OF SERVICE

I, Michele Nelson, certify under penalty of perjury that on April _18_, 2017, I served true copies of the summons and complaint in this action on defendant LLR Inc. at its principal office care of its President Mark Stidham as registered with the State of Wyoming at 416 Double Eagle Ranch Road, Thayne, Wyoming 83127, and at its mailing address care of its President Mark Stidham as registered with the State of Wyoming at 1375 Sampson Avenue, Corona, California 92879, and at its post office box address provided by its President Mark Stidham in the update form filed with the State of Wyoming on December 30, 2016 at PO Box 954, Thayne, Wyoming 83127, by first class regular and certified mail, postage prepaid, return receipt requested.

CERTIFICATE OF SERVICE – Page 1 of 2

EXHIBIT 1
Page 15 of 19

1

2        I am a competent person 18 years of age or older and a resident of Oregon and

3   am not a party to nor an officer, director, or employee of, nor attorney for any party,

4

5   corporate or otherwise; and I know that the defendant served is identical to the

6   defendant named in this action.

7

8   April 18, 2017

9

10

11   **Michele Nelson**
     PO Box 12829

12   Salem, Oregon 97309

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE** – Page 2 of 2

EXHIBIT 1
Page 16 of 19

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR MULTNOMAH COUNTY

**Terri Doran**, individually and on behalf of all others similarly situated,

        Plaintiff,

        vs.

**LLR Inc.** dba **LuLaRoe**, a foreign corporation,

        Defendant.

Case No. 17CV15823

**SUMMONS**

**TO:**      LLR, Inc.
            c/o President Mark Stidham
            1375 Sampson Avenue
            Corona, California 92879


            LLR, Inc.
            c/o President Mark Stidham
            416 Double Eagle Ranch Road
            Thayne, Wyoming 83127


            LLR, Inc.
            c/o President Mark Stidham
            PO Box 954
            Thayne, Wyoming 83127

**SUMMONS** – Page 1 of 3

EXHIBIT 1
Page 17 of 19

NOTICE TO DEFENDANT:

READ THESE PAPERS CAREFULLY!

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

If you have questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

April 17, 2017

/s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiff
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

**SUMMONS** – Page 2 of 3

EXHIBIT 1
Page 18 of 19

STATE OF OREGON     )

                              ) ss:

County of Multnomah    )

I, the undersigned attorney of record for plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled cause.

April 17, 2017

                                  /s/ Michael Fuller
                                  **Michael Fuller, OSB No. 09357**
                                  Lead Trial Attorney for Plaintiff
                                  Olsen Daines PC
                                  US Bancorp Tower
                                  111 SW 5th Ave., Suite 3150
                                  Portland, Oregon 97204
                                  michael@underdoglawyer.com
                                  Direct 503-201-4570

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service upon a document which you shall attach hereto.

April 17, 2017

                                  /s/ Michael Fuller
                                  **Michael Fuller, OSB No. 09357**
                                  Lead Trial Attorney for Plaintiff
                                  Olsen Daines PC
                                  US Bancorp Tower
                                  111 SW 5th Ave., Suite 3150
                                  Portland, Oregon 97204
                                  michael@underdoglawyer.com
                                  Direct 503-201-4570

**SUMMONS** – Page 3 of 3

EXHIBIT 1
Page 19 of 19

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 AND 1441 on the following named persons a true copy thereof, at his or her last-known address(es) on the date and in the manner indicated below.

Michael Fuller
Olsen Daines PC
11 SW 5th Ave., Suite 3150
Portland, OR  97204

michael@underdoglawyer.com

Attorneys for Plaintiff

☐ mailing with postage prepaid in a sealed envelope

☒ hand delivery

☐ facsimile transmission

☐ overnight delivery

☒ email

☐ notice of electronic filing using the Cm/ECF system

DATED: May 18, 2017.

STOEL RIVES LLP


/s/ Brad S. Daniels
BRAD S. DANIELS, OSB No. 025178
brad.daniels@stoel.com
RACHEL C. LEE, OSB No. 102944
rachel.lee@stoel.com
SAMANTHA K. SONDAG, OSB No. 154244
samantha.sondag@stoel.com
Telephone:  503.224.3380

Attorneys for Defendant

Page 1   -   CERTIFICATE OF SERVICE